NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                            :
NEDZAT KORAC,               :
                            :   CIV. ACTION NO. 19-18451(RMB)
        Petitioner          :
    v.                      :
                            :
WARDEN S. YOUNG,            :
                            :
        Respondent          :
_____ :

**BUMB, United States District Judge**

This matter comes before the Court upon Petitioner Nedzat Korac's petition for writ of habeas corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner is incarcerated in the Federal Correctional Institution in Fairton, New Jersey, serving a federal sentence imposed by the United States District Court, Southern District of New York on September 7, 2017, in Criminal Action No. 15-cr-663(CM).(Id., ¶4.) He brings this petition to challenge an immigration detainer lodged against him. (Id.)

I.  SCREENING UNDER RULE 4

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 under Rule 1(b) scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition

and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court lacks jurisdiction under § 2241.

II. THE PETITION

Petitioner alleges that on September 25, 2018, the Federal Bureau of Prisons sent a Detainer Action Letter to the Department of Homeland Security's Immigration and Customs Enforcement Bureau, acknowledging that a detainer was filed against Petitioner for possible deportation and notifying ICE that Petitioner's tentative release date is October 4, 2020. (Pet., ECF No. 1 at 10.) Petitioner seeks to challenge the detainer because he is stateless and ICE has, on prior occasions, dropped similar detainers because Petitioner is stateless and not deportable. (Id.)

III. DISCUSSION

28 U.S.C. § 2241(c)(3) provides:

> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>
> . . .
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States[.]

To invoke jurisdiction under § 2241 to challenge an immigration detainer, a petitioner must demonstrate the he was in custody pursuant to the detainer at the time he filed the petition.

2

Henry v. Chertoff, 317 F. App'x 178, 179 (3d Cir. 2009); see Mundo-Violante v. Warden Loretto FCI, 654 F. App'x 49, 51 (3d Cir. 2016) (citing Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 540-41 (5th Cir. 2003) (collecting cases)). A prisoner who is serving a federal sentence and is not subject to a final order of removal is not in custody for purposes of § 2241 based on an immigration detainer. Id.

IV. CONCLUSION

For the reasons discussed above, this Court lack jurisdiction under 28 U.S.C. § 2241. Therefore, the Court will dismiss the petition.

An appropriate Order follows.

Date: December 3, 2019

                                    s/Renée Marie Bumb
                                    **RENÉE MARIE BUMB**
                                    **UNITED STATES DISTRICT JUDGE**