NOT FOR PUBLICATION

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE
```

_____      :
                                  :
NEDZAT KORAC,                     :
                                  :    Civ. No. 19-18451 (RMB)
            Petitioner            :
                                  :
      v.                          :         **OPINION**
                                  :
WARDEN S. YOUNG,                  :
                                  :
            Respondent            :
_____      :

This matter comes before the Court upon Petitioner's response to the Court's Order to Show Cause why his petition for writ of habeas corpus under 28 U.S.C. § 2241 should not be dismissed as moot ("Response to OSC", Dkt. No. 16), and the brief in support of dismissal by Respondent. ("Letter Brief", Dkt. No. 20.) For the reasons discussed below, the Court will dismiss the petition as moot.

I.  BACKGROUND

Petitioner presented the following ground for relief in his habeas petition:

> GROUND ONE: Whether the Petitioner has the right to challenge the legality of the immigration detainer when it is already known that the petitioner is stateless and has had several immigration hearings where he was released because he was stateless.

(Pet., ¶13, Dkt. No. 1.) Petitioner asked the Court to quash "the pending immigration warrant and detainer[.]" (Id., ¶15.) Petitioner is no longer in BOP custody; he was released on August 25, 2020. (Supp. Answer, Ex. 2, Dkt. No. 12-1.) Furthermore, Petitioner was not taken into ICE custody, rather he was released under an Order of Supervision, subjecting him to certain restrictions and reporting requirements. (Supp. Answer, Ex. 2, Dkt. No. 12-1.)

II. DISCUSSION

    A. The Parties' Arguments

Respondent argues that the habeas petition is moot because Petitioner is no longer in custody subject to an immigration detainer, he is under an order of supervision by ICE, based on his final order of removal. (Letter Brief, Dkt. No. 20.) Petitioner contends that his circumstances have not changed, he remains subject to an unenforceable final order of removal and he will be subject to an immigration detainer if he is reincarcerated. (Response to OSC, Dkt. No. 16 at 4.)[1] Petitioner contends that it is impossible to remove him because he is stateless, so he should never be subject to an immigration detainer if incarcerated. (Id. at 5.) Respondent argues that the petition in this matter challenged an immigration detainer that no longer exists,

---

[1] Page citations are to the page number designated by the Court's electronic case management filing system, CM/ECF.

2

rendering this case moot. (Letter Brief, Dkt. No. 20 at 1-2.) Any challenge to the existing final order of removal has to be made in the appropriate jurisdiction. (Id. at 2.)

    B.    <u>Whether the Alleged Injury is Capable of Repetition Yet Evading Review</u>

A petition under § 2241 becomes moot when the alleged injury is no longer redressable by a favorable judicial decision. <u>Spencer v. Kenma</u>, 523 U.S. 1, 7 (1998). In his habeas petition, Petitioner challenged his future detention pursuant to an ICE detainer. He is no longer incarcerated by the Bureau of Prisons and no longer subject to an ICE detainer; he has been released from ICE custody subject to an order of supervision. The habeas petition is moot. Although not identified as such, Petitioner's argument is that his alleged injury is "capable of repetition while evading review" because if he is incarcerated again, he will be subject to an ICE detainer upon his release from prison. This Court need not address the merits of Petitioner's argument that his final removal order is unenforceable; the question here is whether the injury alleged in his habeas petition is capable of repetition while evading review, not whether his petition has merit.

The doctrine of "capable of repetition while evading review" is an exception to mootness. <u>Shalhoub v. Attorney Gen. of U.S.</u>, 473 F. App'x 114, 116-17 (3d Cir. 2012) (quoting <u>Turner v. Rogers</u>, 131 S. Ct. 2507, 2515 (2011)). Under this doctrine, a federal court

maintains jurisdiction over an otherwise moot petition where: "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party [will] be subjected to the same action again." Id. (citation and internal quotation marks omitted in Shalhoub).

"The Supreme Court has held that 'for the purposes of assessing the likelihood that [ ] authorities will re-inflict a given injury, we generally have been unwilling to assume that the party seeking relief will repeat the type of misconduct that would once again place him or her at risk of that injury.'" Diallo v. Adducci, 444 F. Supp. 3d 815, 821 (N.D. Ohio 2020) (quoting Honig v. Doe, 484 U.S. 305, 320 (1988)). The Supreme Court has "consistently refused to find the case or controversy requirement satisfied where … the litigants simply 'anticipate violating lawful criminal statutes.'" United States v. Sanchez-Gomez, 138 S. Ct. 1532, 1542 (2018) (quoting O'Shea v. Littleton, 414 U.S. 488, 496 (1974)).

The same rationale applies here, Petitioner will not be subject to an ICE detainer again unless he is convicted and sentenced for another crime, and there is not a reasonable expectation that Petitioner will put himself at risk of another prison term, subject to an ICE detainer upon release. Therefore,

4

the capable of repetition while evading review doctrine is inapplicable here, and the Court will dismiss the petition as moot.

III. CONCLUSION

For the reasons discussed above, the Court will dismiss the habeas petition as moot.

An appropriate Order follows.

**Date: March 25, 2021**

                                              s/Renée Marie Bumb
                                              **RENÉE MARIE BUMB**
                                              **UNITED STATES DISTRICT JUDGE**